JUSTIN X. WANG (CSB #166183)
PEGGY A. SHIH (CSB#197545)
**BAUGHMAN & WANG**
111 Pine Street, Suite 1350
San Francisco, California 94111
Telephone: (415) 576-9923
Facsimile: (415) 576-9929

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Yuzhen OU; Shiwang YANG; Huimin YANG<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; CONDOLEEZZA RICE, Secretary, Department of State,<br><br>Defendants. | Case No.: C 07-3676 MMC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br><br>District Judge: Honorable Maxine M. Chesney<br>Date: December 21, 2007<br>Time: 9:00 a.m. |

## NOTICE OF MOTION

TO DEFENDANTS AND THEIR ATTORNEY OF RECORD:

NOTICE IS HEREBY GIVEN that this matter may be heard before the Honorable Maxine M. Chesney, located at 450 Golden Gate Avenue, San Francisco, CA 94102, the above referenced Plaintiffs will and hereby move the Court for summary judgment on the ground that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

## MOTION

Plaintiffs Yuzhen Ou, Shiwang Yang and Huimin Yang, individuals, hereby move this Court for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This motion is based on this Motion, the points and authorities in support of this motion, the complaint and documents attached thereto, and upon such other matters as may be presented to the Court at the time of the hearing.

## STATEMENT OF RELIEF SOUGHT BY PLAINTIFFS

Plaintiffs seek summary judgment in their mandamus action for the Court to enter an order requiring Defendants to complete the processing Form I-730, including the issuance of appropriate travel documents to Plaintiff's husband, Shiwang Yang and daughter, Huimin Yang. In addition, Plaintiffs pray that the Court grant such other relief that may be just and appropriate, including costs, expenses, and reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (1991).

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

On September 12, 2005, Plaintiff Yuzhen Ou filed a Form I-730, or Refugee Asylee Relative Petition, one on behalf of her husband, Plaintiff Shiwang Yang, and one for her daughter, Plaintiff Huimin Yang. On March 22, 2006, the two Form I-730s were approved by United States Citizenship and Immigration Service ("USCIS"). Six months later, on September 2006, Plaintiffs case was sent to USCIS Guangzhou for issuance of the visas. Declaration of Jackie Wong, p. 3 ("Wong Declaration") As of today's date, the case has not been issued to completion and Defendants have not make a decision as to whether or not to issue travel Plaintiffs Shiwang Yang and Huiman. At this point, the case has been pending for more than 26 months since the date of filing and 20 months since its approval by USCIS. On September 2007,

in response to this mandamus action, Defendants provided that it will be an additional 18 months before the Plaintiffs will be scheduled for an interivew at USCIS Guangzhou. Wong Declaration, p. 3. At this rate, Plaintiff, Yuzhen Ou will be separated from her husband and daughter for at least three and half years. Defendants have already unreasonably delayed in and refused to adjudicate to completion Plaintiffs' I-730 petitions for more than 20 months from the date of approval. Plaintiffs have been deprived the right to a decision on the petitions and the peace of mind to which they are entitled. Defendants have merely shifted this case from the Nebraska Service Center (NSC) to USCIS Guangzhou processing center. However, the responsibility with the delay still remains entirely with the Defendants.

## ARGUMENT

Summary judgment is appropriate because the pleadings, when viewed in light most favorable to the nonmoving party, demonstrate that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Cleotex Corp. v. Catret*, 477 U.S. 317, 323 (1986).

Plaintiffs contend as a matter of law that Defendants' inaction for approximately 20 months after Plaintiffs immigrant visa petition was approved was an unreasonable delay under the Mandamus Act and the Administrative Procedure Act ("APA"), and that regardless of which state of visa processing that Plaintiffs case is in, the Defendants are simply obligated to carry out their duties as delegated to them by Congress.

Plaintiffs are entitled to relief under 28 U.S.C. § 1361 and the APA as a matter of law. Under 28 U.S.C. § 1361, district courts have original jurisdiction to compel an officer of the United States to perform his duty. Mandamus is appropriate where the plaintiff has a clear right to the relief requested, the defendant has a clear duty to act, and no other remedy is available. *Fallini v. Hodel*, 783 F.2d 1343 (9th Cir. 1986). 1) their claim is clear and certain, 2) the

official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and 3) no other adequate remedy is available. *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003). While the duty is often mandatory or ministerial, the duty may also be in the exercise of discretion. Although an officer may have discretion to adjudicate an application, it has a non-discretionary duty to process the application. Failure to perform such duties can be contrary to law for mandamus to lie. *Davis v. Shultz*, 453, F.2d 497, 502 (3rd Cir. 1971), *Naporano Metal and Iron Company v. Secretary of Labor*, 529 F.2d 537 (3rd Cir. 1976). Jurisdiction exists to challenge a U.S. official's authority to "take or fail to take an action as opposed to a decision taken within...discretion." *Patel v. Reno*, 134 F.3d 929 (9th Cir. 1997). As in *Patel*, Plaintiffs here are not challenging a decision within the discretion of the officer, but challenging the Defendants failure to act for 20 months after the visa petitions were approved and their continuing failure to make a decision on whether to issue the visas. Courts have also found jurisdiction under 28 U.S.C. § 1331 and the APA. *Saleh v. Ridge*, 367 F. Supp.2d 508 (S.D.N.Y. 2005); *Wang v. Reno*, No. Civ. 1698 (BSJ), 2001 U.S. Dist. LEXIS 15577, (S.D.N.Y. Sept. 27, 2001). Plaintiffs have a clear right to have their immigrant petition adjudicated and visas issued within a reasonable time, the Defendants have a non-discretionary duty to provide that relief, and Plaintiffs have no other adequate remedy available.

Immigration officers are authorized to exercise the powers and duties as specified by the Immigration and Nationality Act ("INA") 8 C.F.R. § 103.1(b). Under 8 C.F.R. § 208.21(d), the U.S. immigrant office overseas receives a beneficiary's approved I-730 Refugee/Asylee Relative Petition from the Department of State. Specifically, here, the USCIS officer at the U.S. immigration office in Guangzhou is responsible for processing I-730 petitions, namely conducting interviews and then issuing travel documents for beneficiaries of approved I-730 petitions residing in China. See 8 U.S.C. § 1158(b)(3), Wong Declaration, p. 1-2. Although no

specific time provision appears on the face of the statute or regulation, adjudication should be completed within a reasonable time.

The APA provides a cause of action when the government unreasonably delays actions or fails to act altogether. 5 U.S.C. § § 555(b) and 706(1). The APA states that federal courts can "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Agency action also includes the "failure to act." 5 U.S.C. § 551 (13). The APA imposes a clear duty on Defendants to completely adjudicate Plaintiffs' I-730 petitions without an unreasonable delay. Administrative agencies, such as USCIS, do not have discretion to "avoid discharging the duties that Congress intended them to perform." *Yu*, 36 F. Supp. 2d at 931. In addition, a general timing provision for agencies is provided within the APA at 5 U.S.C. § 555(b), which states that agency action should be concluded within a reasonable time. *See Forest Guardians v. Babbit*, 174 F. 3d 1178 (10th Cir. 1999). As an officer of the United States, an immigration officer has a mandatory duty and obligation to also act within a reasonable period of time, to allow otherwise would be contrary to Congress's intent. Under 5 U.S.C. § 706(1), the APA imposes a clear duty on defendants to act on Plaintiffs' applications.

Plaintiffs can demonstrate that Defendants owe them a duty to complete their applications within a reasonable time. Defendants having approved the I-730 Refugee/Asylee Relative Petition over 20 months ago, have a duty to compete the procedures for the beneficiaries' travel to the United States. Defendants have not proffered any explanation as to why it took 6 months for Plaintiffs' case to be forwarded to the USCIS Guangzhou office following approval of the petitions in March 2006. Plaintiff's husband and daughter are now expected to wait an additional 18 months before they can expect to even be interviewed at the USCIS Guangzhou office. This is still no assurance that the petitions will be adjudicated to completion. It has been over a 26 months from the date of filing, with the potential of increasing to in excess of 41 months, based

on just the estimated waiting period for an interview. The indefinite delay is an unreasonable amount of time to process eligibility based on the claimed relationship, especially since the I-730 petitions have already been approved by the Service.

The USCIS has a mandatory duty and obligation to act within a reasonable period of time 5 U.S.C. § 555(b). Allowing the Defendants an unlimited amount of time to process the petitions would be contrary to the "reasonable time" frame mandated under 5 U.S.C. § 555(b) and 5 U.S.C. § 706(1) and thus could ultimately negate the Defendants duty under 8 U.S.C. § 1105. *Dong v. Chertoff*, 2007 WL 2601107, at *11 (N.D. Cal. Sept. 6, 2007)(under the APA, a court "shall" compel agency action unlawfully withheld or unreasonably delayed); *Gelfer v. Chertoff*, 2007 WL 902382, at *2 (N.D. Cal. March 22, 2007)(allowing the respondents a limitless amount of time to adjudicate petitioner's application would be contrary to the "reasonable time" frame mandated under 5 U.S.C. § 555(b) and, ultimately, could negate the USCIS's duty). The Defendants contend that one of the reasons for the delay is due to the lack resources and inability to hire replacement investigators. Wong Declaration, p. 2-3. Defendants attempt to place the blame solely on the lack of resources as a way to end the inquiry into the evaluation of reasonableness in the delay of processing petitions. However, in *Dong v. Chertoff*, the Court recently asserted that it "is not in a position to relieve the Defendants of their obligations to comply with their mandatory duties." *Dong*, 2007 WL 2601107, at *11 ("[I]t is not the place of the judicial branch to weigh plaintiff's clear right to administrative action against the agency's burden in complying."). In another recent case before this district, the Court stated, "The executive branch must decide for itself how best to meet its statutory duties; this Court can only decide whether or not those duties have been met." *Liang v. Chertoff*, 2007 WL 3225441, at *6 (N.D. Cal. October 30, 2007). Absent the Court's order, the applications are likely to continue pending indefinitely.

Without the relief of mandamus, immigration officers could withhold a decision unfettered or fail to exercise their discretion indefinitely. Mandamus actions provide an aggrieved party a last resort to challenge an agency's action or inaction. Congress has provided through applicable provisions of the APA and the Mandamus Act that agencies should conclude matters before them within a reasonable time. Mandamus actions serve to highlight deficiencies in agency inaction whereby the federal courts may intervene. Plaintiffs interests fall within the zone of interests to be protected or regulated by the applicable immigration statute. Although the Defendants have discretion in the ultimate decision, they do not have the discretion to refuse to process or unreasonably delay adjudication. For more than 20 months since the approval of the I-730 petitions, Plaintiff Yuzhen Ou has been unable to be reunited with her husband and daughter. Her family still remains in China due to the pendency of the I-730 petitions, with the delay continuing for at least another 18 months or more. The Defendants, in violation of the APA and Mandamus Act, are unlawfully withholding and unreasonably delaying action on Plaintiffs' I-730 petitions and have failed to carry out the adjudicative functions delegated to them by law.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests this Court grant summary judgment in favor of the Plaintiffs as mandamus lies to compel the Defendants to take action, by simply completing adjudication of the I-730 petitions, including promptly deciding without delay whether or not to issue travel documents to Plaintiffs. Plaintiffs can establish prima facie eligibility for mandamus relief because they have a clear right to compel Defendants to perform their duty to act upon their applications and no other remedy is available.

Dated: November 15, 2007                         Respectfully submitted,

_____/s/_____
Justin X. Wang, Esq.
Attorney for Plaintiffs