1  SCOTT N. SCHOOLS (SC 9990)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  MELANIE L. PROCTOR (CSBN 228971)
   Melanie.Proctor@usdoj.gov
4  Assistant United States Attorney

5     450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102-3495
6     Telephone: (415) 436-6730
      FAX: (415) 436-6927
7
   Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| YUZHEN OU, SHIWANG YANG, HIUMIN YANG ) ) ) Plaintiffs, ) ) v. ) ) MICHAEL CHERTOFF, Secretary, ) Department of Homeland Security; ) CONDOLEEZZA RICE, Secretary, ) Department of State, ) ) Defendants. ) ) | No. C07-3676 MMC<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT<br><br>Date: January 11, 2008<br>Time: 9:00 a.m.<br>Court: 7, 19th Floor |

## I. NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on January 11, 2008, at 9:00 a.m., before the Honorable Maxine M. Chesney, Courtroom No. 7, 450 Golden Gate Avenue, San Francisco, California, 94102, Defendants Michael Chertoff, et al., by their attorneys, Scott N. Schools, United States Attorney for the Northern District of California, and Melanie L. Proctor, Assistant U.S. Attorney, will move this Court for an order granting summary judgment in Defendants' favor. Defendants' Motion is based on this notice, the points and authorities in support of this motion, the declaration of Jackie Wang, the pleadings on file in this matter, and on such oral argument as the Court may permit.

///

///

## II. INTRODUCTION

Plaintiff Yuzhen Ou asks the Court to require Defendants to expeditiously process Plaintiffs' immigrant visa petitions, and issue travel documents for her husband and daughter. They posit that because processing has taken longer than they would like, their petitions have been unreasonably delayed. However, Defendants contend that venue is improper in this District. Even if venue were proper, Plaintiffs' petitions are being processed in accordance with normal processing. Furthermore, mandamus cannot be used to instruct an official how to exercise discretion. Accordingly, Plaintiffs' claims fail, and Defendants are entitled to judgment in their favor as a matter of law.

## III. FACTS

On September 12, 2005, Plaintiff filed two Refugee/Asylee Relative Petitions, Form I-730, with the USCIS Nebraska Service Center, on behalf of her husband and daughter. Complaint, p. 1 ¶ 2. On March 22, 2006, USCIS approved the petitions. Id., Exh. 1. In September 2006, the Guangzhou Office of U.S. Citizenship and Immigration Services ("USCIS") received the approved petitions, where they are in queue for regular processing. See Declaration of Jackie Wong ("Wong Decl."), p. 3 ¶ 17.

## IV. GENERAL PRINCIPLES APPLICABLE TO THIS MOTION

### A. LEGAL STANDARD

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). A fact is material if the fact may affect the outcome of the case. See id. at 248. The Ninth Circuit has declared that "[i]n considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997). A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. See Celotex Corp. v. Cattrett, 477 U.S. 317, 323-24 (1986).

B.   RELIEF AVAILABLE UNDER THE ADMINISTRATIVE PROCEDURE ACT AND THE MANDAMUS ACT

Under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, et seq., a court may compel "agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The elements of a claim under § 706(1) are the existence of a discrete, ministerial duty; a delay in carrying out that duty; and a determination that the delay was unlawful or unreasonable in light of prejudice to one of the parties. Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55 (2004); Rockbridge v. Lincoln, 449 F.2d 567, 569-73 (9th Cir. 1971). Judicial review under the Administrative Procedure Act, 5 U.S.C. § 701 ("APA"), et seq., is specifically precluded where "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2).

The APA does not provide an independent jurisdictional basis. Califano v. Sanders, 430 U.S. 99, 107 (1977); Staacke v. U.S. Department of Labor, 841 F.2d 278, 282 (9th Cir. 1988). Rather, it merely provides the standards for reviewing agency action once jurisdiction is otherwise established. Staacke, 841 F.2d at 282. Similarly, the Declaratory Judgment Act, 28 U.S.C. § 2201 ("DJA"), does not provide an independent basis for jurisdiction; rather, it only expands the range of remedies available in federal courts. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950).

Mandamus is an extraordinary remedy. See Cheney v. United States District Court for the District of Columbia, 542 U.S. 367, 392 (2004) (Stevens, J., concurring); Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). The United States Supreme Court has stated that "[t]he common law writ of mandamus is intended to provide a remedy for a plaintiff only if . . . the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). The Ninth Circuit has explained that

> [m]andamus . . . is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available.

Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003). Mandamus may not be used to instruct an official how to exercise discretion. Wilmot v. Doyle, 403 F.2d 811, 816 (9th Cir. 1968).

DEFENDANTS' OPPOSITION AND MOTION
C 07-3676 MMC                        3

### C. FOLLOWING-TO-JOIN BENEFITS

Under 8 U.S.C. § 1158(b)(3)(A), an alien who is granted asylum may file a Form I-730 petition to accord his spouse and children the same status as the alien "if accompanying, or following to join, such alien." 8 U.S.C. § 1158(b)(3)(A). To apply for following-to-join benefits, the asylee must file a Form I-730, Refugee/Asylee Relative Petition, with the designated USCIS office. The burden is on the asylee to establish by a preponderance of the evidence that the person for whom she is petitioning is an eligible spouse or child. See 8 C.F.R. § 208.21(f). The asylee must file a separate Form I-730 for each qualifying family member, "setting forth the full name, relationship, date and place of birth, and current location of each such person," and include a recent photograph of each person. 8 C.F.R. § 208.21(d). To establish the claimed relationship for a spouse or child as defined under 8 U.S.C. §§ 1101(a)(35) and 1101(b)(1), "[e]vidence must be submitted with the request as set forth in part 204 of this chapter." Id.

If approved by USCIS, and the spouse or child is outside the United States, the approved Form I-730 is then sent to the National Visa Center, Department of State, for forwarding to the American Embassy or Consulate having jurisdiction over the area in which the refugee's spouse or children are located. See 8 C.F.R. § 208.21(d). The Foreign Affairs Manual ("FAM") provides guidelines to consular officers who are delegated authority to prepare the travel packet for derivative asylees. However, in countries with a permanent USCIS office, USCIS officers interview the I-730 beneficiaries. 9 FAM Appx. O, § 1202(a). Upon receipt of an approved I-730, the officer must contact the beneficiary and schedule an interview. 9 FAM Appx. O, § 1202; Wong Decl., p. 2 ¶¶ 13-14. The officer must interview the beneficiary to verify identity and relationship to the petitioner, and determine whether any bars to status exist. 9 FAM Appx. O, § 1207.1-1207.2. The decision to issue a travel packet to the beneficiary of an approved I-730 is wholly discretionary. 8 U.S.C. § 1158(b)(3); 9 FAM Appx. O, § 1200(b).

### IV. ANALYSIS

#### A. VENUE IS IMPROPER

In their Answer, Defendants denied that venue is proper in this District. Proper venue is prescribed at 28 U.S.C. § 1391(e), which reads as follows in pertinent part:

DEFENDANTS' OPPOSITION AND MOTION
C 07-3676 MMC                     4

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) <u>a defendant in the action resides</u>, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) <u>the plaintiff resides</u> if no real property is involved in the action.

28 U.S.C. § 1391(e) (emphasis added). As explained below, because Plaintiffs are not citizens of the United States, none of the events at issue took place in this district, and neither Defendant resides here, there is no basis for venue in the Northern District of California.

        1.    <u>An Alien's Residence May Not Be Used to Establish Proper Venue</u>

Plaintiffs state in their Complaint that venue is proper in this judicial district because Plaintiff Ou resides in this judicial district. Complaint, p. 2, ¶ 6. Plaintiff Ou's residence appears to be in San Francisco, which is in this judicial district. However, Plaintiff is not a citizen of the United States. Courts have consistently recognized that an alien's residence in the United States cannot be used for venue purposes. See <u>Brunette Machine Works, LTD. v. Kockum Industries, Inc.</u>, 406 U.S. 706, 714 (1972) ("suits against aliens are wholly outside the operation of all the federal venue laws"); <u>Galveston, Harrisburg and San Antonio Railway Co. v. Gonzales</u>, 151 U.S. 496 (1894) (diversity); <u>Williams v. United States</u>, 704 F.2d 1222, 1225 (11th Cir. 1983); <u>Fleifel v. Vessa</u>, 503 F. Supp. 129, 130 (W.D. Va. 1980) ("an alien has no residence in the United States for venue purposes"); <u>Prudencio v. Hanselmann</u>, 178 F. Supp. 887 (D. Minn. 1959); 6A WEST'S FEDERAL PRACTICE MANUAL § 7446.

Notably, Congress has provided that in certain cases, an alien may base venue on his or her residence. <u>See</u> 8 U.S.C. §§ 1252(b)(5)(B), 1324b(j)(1), 1447(b), 1421(c), 1503(a). There are no such provisions in the statutes at hand. <u>See</u> 5 U.S.C. § 701; 28 U.S.C. §§ 1331, 1361. As such, Plaintiff Ou cannot rely on her residence for venue purposes. <u>Miller v. Albright</u>, 523 U.S. 420, 427 (1998) (noting that once the alien's United States citizen father was dismissed from the action, venue in Texas was improper, and case was transferred to the District Court for the District of Columbia, the site of the Secretary's residence); <u>Rogers v. Bellei</u>, 401 U.S. 815, 820 (1971) (noting that in action filed by alien, under 28 U.S.C. § 1391(e), New York venue was improper); <u>Fleifel v. Vessa</u>, 503 F. Supp. 129, 130 (W.D. Va. 1980) ("an alien has no residence in the United States for venue

purposes"). Because Plaintiffs are aliens, Complaint, p. 1, ¶ 2, Plaintiff Ou's residence cannot be used to establish proper venue.

### 2. No Acts or Omissions Occurred In This District

Plaintiffs have failed to identify any non-self generating event that occurred in this district. Plaintiff Ou filed the petitions at issue with the Nebraska Service Center. Complaint, Exh. 1. The Nebraska Service Center is located in Lincoln, Nebraska, and thus, is not in this District. Moreover, the actions Plaintiffs seek to compel is in China. Accordingly, the alleged acts and omissions giving rise to the claim did not occur in this District.

### 3. The Named Defendants Do Not Reside in this Judicial District

Civil actions against officers or employees of the United States, or of any agency thereof, acting in their "official capacity" or "under color of legal authority," may be brought in any district in which the defendant resides. 28 U.S.C. § 1391(e)(1). Generally, for venue purposes, residence of a federal officer is the place where he or she performs his or her official duties. Reuben H. Donnelley Corp. v. FTC, 580 F.2d 264, 267 (7th Cir. 1978).

In the case at hand, Plaintiffs have named two defendants. See Complaint, p. 2 ¶¶ 3-4. Michael Chertoff and Condoleeza Rice perform their official duties in the District of Columbia. Therefore, Defendants' residence lies in the District of Columbia. See, e.g., Franz v. United States, 591 F. Supp. 374, 377 (D.D.C. 1984) (venue for equitable claims asserted against the Attorney General was proper in the District of Columbia). Accordingly, Plaintiffs' complaint should be dismissed for being brought in the improper venue.[1]

### B. PLAINTIFFS FAIL TO STATE A CLAIM AGAINST SECRETARY RICE

In countries with a permanent USCIS office, USCIS officers interview the I-730 beneficiaries. 9 FAM Appx. O, § 1202(a). Here, there is a permanent USCIS office in Ghangzhou. Wong Decl., p. 1 ¶¶ 3-4. Accordingly, the Department of State has no further role in processing the petitions at issue, and Secretary Rice is entitled to summary judgment as a matter of law. See, e.g.,

---

[1] Transfer is appropriate where it is in the interest of justice. 18 U.S.C. § 1406(a). Here, because Plaintiffs' claim of unreasonable delay has no merit, dismissal is appropriate. King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992).

DEFENDANTS' OPPOSITION AND MOTION
C 07-3676 MMC                                6

Niaz v. Chertoff, No. 07-04030 MMC, slip op. (N.D. Cal. Nov. 29, 2007) (granting Secretary Chertoff's motion for summary judgment where there was "no showing that any step remain[ed] to be taken by the USCIS").

### C    RELIEF IS NOT AVAILABLE UNDER THE APA OR THE MANDAMUS ACT

#### 1.    The Delay Is Reasonable

Plaintiff Ou asks the Court to compel Defendants to expeditiously process the I-730 petitions she filed on behalf of her husband and daughter. She rests her argument on a single fact: the passage of time. However, "[t]he passage of time alone is rarely enough to justify a court's intervention in the administrative process." Fraga v. Smith, 607 F. Supp. 517, 521 (D. Or. 1985); see also Mashpee Wampanoag Tribal Council, Inc. v. Norton, 336 F.3d 1094, 1102 (D.C. Cir. 2003) (issue of delay "cannot be decided in the abstract, by reference to some number of months or years beyond which agency inaction is presumed to be unlawful . . . .").

As the facts at hand demonstrate, Defendants have not unreasonably delayed action here. To determine whether a delay is unreasonable, numerous courts have adopted the six part test first articulated in Telecomm. Research and Action Ctr. v. FCC, 750 F.2d 70, 80 (D.C. Cir. 1984) ("TRAC"). The six considerations outlined in TRAC include:

> (1) the time agencies take to make decisions must be governed by a rule of reason;
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
> (3) delays that might be reasonable in the sphere of economic regulations are less tolerable when human health and welfare are at stake;
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay;
> (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

750 F.2d at 80.

The court in Sze v. INS, No. C-97-0569-SC, 1997 WL 446236, at *8 (N.D. Cal. Jul. 24, 1997), which applied the TRAC test to a similar complained-of delay in the immigration context, found the fourth factor to be the most persuasive. Id. at *8. The court, in refusing to grant relief under the APA, held that "the reasonableness of administrative delays must be judged in light

DEFENDANTS' OPPOSITION AND MOTION
C 07-3676 MMC                                                 7

of the resources available to the agency." Id. The court also recognized that by granting relief, it "would, at best, reorder the queue of applications, thereby leading to little net benefit." Id.; see also Liberty Fund, Inc. v. Chao, 394 F. Supp. 2d 105, 117 (D.D.C. 2005) (Department of Labor's decision to handle applications for permanent labor certifications on a first in, first out basis "is deserving of deference" because any grant of relief to petitioners would result in "no net gain" – petitioners would move to the front of the queue, at the expense of other similarly situated applicants.). Here, Plaintiffs' petitions are similarly in queue for regular processing. Wong Decl., p. 3 ¶ 17.

Plaintiffs rely on a number of inapplicable cases in support of their argument. See Plaintiffs' Motion, p. 6. Each case cited by Plaintiffs examined the issue of unreasonable delay in the context of delayed adjustment of status applications, the adjudication of which was contingent upon completed name checks. Dong v. Chertoff, 2007 WL 2601107, at *1 (N.D. Cal. Sept. 6, 2007); Liang v. Chertoff, 2007 WL 3225441, at *1 (N.D. Cal. Oct. 30, 2007); Gelfer v. Chertoff, 2007 WL 902382, at *1 (N.D. Cal. Mar. 22, 2007). Those facts are inapplicable here, where Plaintiffs complain simply that they are tired of waiting behind each and every petitioner who filed an I-730 petition ahead of them. Plaintiffs can point to no individuals who filed I-730 petitions after them whose petitions have been adjudicated prior to theirs.

The reasoning in Liberty Fund is more applicable to the case at hand. There, the court refused to grant relief where it was requested solely due to the length of the delay in processing alien labor certifications. 394 F. Supp. 2d at 115. Applying the TRAC factors, the court held that without a statutory timetable governing agency action, the TRAC factor, "that weighs most heavily under the circumstances of the case is the fourth factor - the effect of granting relief on the agency's competing priorities." Id. at 116. The court reasoned that the agency's "first in, first out processing" was deserving of deference because any grant of relief to petitioners would result in no net gain - petitioners would move to the front of the queue at the expense of other similarly situated applicants. After examining the agency's priorities, growing workload, and good faith efforts to alleviate the delays, the court concluded that mandamus relief was not warranted. Id. at 119. Similarly, here, compelling the consulate to process Plaintiffs' approved I-730 petitions ahead of

the thousands of other petitions in line for processing would unfairly move those petitions ahead of other similarly situated applicants. Wong Decl., p. 3 ¶ 17.

Furthermore, as discussed in Liberty Fund, "where resource allocation is the source of the delay, courts have declined to expedite action because of the impact on competing priorities." Liberty Fund, 394 F. Supp. 2d at 117. Here, there is usually a single officer in the USCIS Ganzhou office qualified to conduct interviews on I-730 petitions. Wong Decl., p. 2 ¶ 14. The applications are adjudicated in the order in which they are received. Id., pp. 2-3 ¶¶ 13, 17. The USCIS Ghangzhou Office predicts that with the current resources available, Plaintiffs' petitions will be processed in approximately one and a half years. Id., p. 3 ¶ 17. There are currently 1,117 families ahead of Plaintiffs. Id. Plaintiffs have offered no set of facts justifying moving them to the head of the line.

Plaintiffs argue that "Defendants have not proffered any explanation as to why it took 6 months for Plaintiffs' case to be forwarded to the USCIS Guangzhou office following approval of the petitions in March 2006." Plaintiffs' Motion, p. 5. To the contrary, Jackie Wong explains that an approved I-730 petition is sent from the Nebraska Service Center to the National Visa Center. Wong Decl., p. 2 ¶ 12. The National Visa Center then sends the approved petitions to the appropriate consulate. Id.; 9 FAM Appx. O, § 1200. Such actions cannot be expected to occur instantaneously. Regardless, the petitions are now again with USCIS, and will be processed in accordance with normal procedures. Wong Decl., p. 3 ¶ 17. Plaintiff has failed to establish the existence of unreasonable delay. Accordingly, relief is not available under the APA. In addition, the extraordinary relief of mandamus is unwarranted. Allied Chemical Corp., 449 U.S. at 34.

### D. THE COURT CANNOT COMPEL ISSUANCE OF TRAVEL DOCUMENTS

Neither the Mandamus Act nor the APA allow a court to compel discretionary action. Heckler, 466 U.S. at 616; 5 U.S.C. § 701(a)(2). Here, Plaintiffs ask the Court to compel Defendants to issue travel documents. Complaint, p. 3, Prayer for Relief. However, the decision of whether to issue travel documents is discretionary. See 8 U.S.C. § 1158(b)(3) ("A spouse or child . . . of an alien who is granted asylum may, if not otherwise eligible for asylum under this section, be granted the same status as the alien if accompanying, or following to join, such alien."); 9 FAM Appx. O,

§ 1200(b) (the statutory language "makes clear that a spouse or child is not automatically entitled to the same status as the principal applicant, but that the grant of derivative status is discretionary."); see also Pacific Marine Conservation Council, Inc. v. Evans, 200 F. Supp. 2d 1194, 1201 (N.D. Cal. 2002) (describing "may" as discretionary language).  Accordingly, the Court cannot compel Defendants to issue travel documents.  Huli v. Way, 393 F. Supp. 2d 266, 270 (S.D.N.Y. 2005) (court lacked jurisdiction to compel approval of I-730 petition).

### V.   CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to deny Plaintiffs' Motion for Summary Judgment, and grant summary judgment in their favor.

Dated: November 30, 2007                                              Respectfully submitted,

                                                                             SCOTT N. SCHOOLS
United States Attorney

                                                                             _____/s/_____
MELANIE L. PROCTOR
Assistant United States Attorney
Attorneys for Defendants