JUSTIN X. WANG (CSB #166183)
PEGGY A. SHIH (CSB#197545)
**BAUGHMAN & WANG**
111 Pine Street, Suite 1350
San Francisco, California 94111
Telephone: (415) 576-9923
Facsimile: (415) 576-9929

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

Yuzhen OU; Shiwang YANG; Huimin YANG

Plaintiffs,

vs.

MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; CONDOLEEZZA RICE, Secretary, Department of State,

Defendants.

Case No.: C 07-3676 MMC

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION; OPPOSITION TO DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT**

District Judge: Honorable Maxine M. Chesney
Date: January 18, 2008
Time: 9:00 a.m.

## I. INTRODUCTION

Plaintiffs through undersigned counsel, file this reply to Defendants opposition and cross-motion for summary judgement pursuant to Rule 56(c) of the Federal Rule of Civil Procedure. In its Motion to Defendants asserts that venue is improper in this District. Plaintiffs maintain that venue is proper in this District. Furthermore, Defendants have unreasonably delayed the processing Form I-730, including the issuance of appropriate travel documents to Plaintiff's husband, Shiwang Yang and daughter, Huimin Yang. Defendants are in violation of the APA and Mandamus Act, are unlawfully withholding and unreasonably delaying action on Plaintiffs' I-730 petitions and have failed to carry out the adjudicative functions delegated to them to law.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

## ARGUMENT

### A. VENUE IS PROPER

Plaintiffs assert that venue is proper under 28 U.S.C. § 1391(e)(3). However, in the Defendants' Opposition and Motion, the Defendants assert that venue in this case is improper in the Northern District of California because Plaintiffs are not citizens of the United States, none of the events at issue took place in this district, and neither Defendant resides here. Defendants' Opposition and Motion, p. 5. However, Defendants have overlooked one of the most fundamental rights granted to immigrants who have been granted permanent residency in the United States. Defendants completely disregarded the fact that Plaintiff Ou is a permanent resident, and as such is granted certain rights and freedoms—one of which is the ability to satisfy the residency requirement under 28 U.S.C. § 1391(e)(3).

Courts have consistently recognized that a permanent resident in the United States can be used for venue purposes. The Defendants have cited a number of cases, which provide the overarching rule that aliens have no residence in the United States for venue purposes. However, these cases provide no assistance because they all deal with individuals and/or corporations that enjoy no legal permanent residence in the United States. *Brunette Machine Works, LTD. v. Kockum Industries, Inc.*, 406 U.S. 706 (1972) (suit against an alien defendant, an incorporated business in British Columbia); *Williams v. United States*, 704 F.2d 1222, 1225 (11th Cir. 1983) (suit against an alien defendant, a citizen of the United Kingdom with a visa that allows her to visit the United states); *Fliefel v. Vessa*, 503 F. Supp. 129, 130 (W.D. Va. 1980) (failed to identify the legal status of the alien, merely asserted that the alien is a citizen of Lebanon); *Prudencio v. Hanselmann,* 178 F. Supp. 887 (D.Minn. 1959) (failed to identify the legal status of the alien, merely asserted that the alien is a citizen of Bolivia). *Miller v. Albright*, 523 U.S. 420, 427 (1998)

(venue no longer satisfied upon dismissal of the alien's United States citizen father, because the alien was a citizen of the Philippines with no legal status in the United States); *Rogers v. Bellei*, 401 U.S. 815, 819 (1971) (plaintiff became an alien upon losing his United States citizenship pursuant to § 301(b), and as such did not have legal status in the United States). Defendants clearly misunderstand the crux of 'permanent resident' and the effect it has on residence for venue purposes.

The decisions and reasoning in the cases provided by Defendants were carefully limited to a suit brought by or against an alien who does not enjoy legal permanent residence in the United States. Courts have consistently recognized that a permanent resident residence in the United States can be used for venue purposes. The court in *Gelin v. Ashcroft*, No. 3:02CV1857(PCD), 2003 WL 23515993, at * 2 (D. Conn. Jan. 13, 2003), provided that a lawful permanent resident may bring an action in the district in which he resides. The court in *Abusadeh v. Chertoff*, No. 05-2014(CKK), 2007 WL 2111036, at * 5 (D.D.C. July 23, 2007), asserted that venue in Southern District of Texas is clearly proper because plaintiff, a lawful permanent resident, resides there. Basically, lawful permanent resident aliens are entitled to the same constitutional protections of due process and rights as are accorded to United States citizens. *Hellenic Lines Ltd. v. Rhoditis*, 398 U.S. 306, 309 (1970). Because Plaintiffs are lawful permanent resident aliens, Plaintiff Ou's residence can be used to establish proper venue.

Upon a complete and comprehensive research of the issue in question, it is evident that a lawful permanent resident residence can be used to establish proper venue. Plaintiffs provided Defendants with an opportunity to reconsider their position concerning this issue. (**EXHIBIT A**). Despite this opportunity, Defendants continue to assert that venue is improper in the Northern District of California because Plaintiffs are not citizens of the United States. Defendants argument is clearly without merit and could be subject to sanctions. An attorney has a duty to

refuse to sign and file a motion that is frivolous because it is not well-ground in existing law. *Monterey Dev. Corp. v. Lawyer's Title Ins. Corp.*, 4 F3d 605 (1993) (where reasonable investigation would have shown that case law upon which plaintiff's attorney relied did not support his theory, district court did not abuse its discretion in imposing a sanction violation); *Johnson v. Tower Air, Inc.* 149 FRD 461 (1993) (where plaintiff's attorney filed frivolous without first making reasonable inquire into basis for claim, and although defendants' attorney warned him that claim was baseless and likely to be subject to sanctions, plaintiff's attorney failed to take appropriate action and sanctions were imposed). In order to assess whether a motion is frivolous, the court will typically examine what 'reasonable inquiry' the attorney or party made before signing and filing the document. The inquiry must be objectively reasonable for a competent attorney under the circumstances at the time the motion was filed. The Court should consider all circumstances bearing on the reasonableness of the attorney's conduct; such circumstances may include the attorney's experience and past performance, the general standard of conduct of the bar and whether the attorney's actions were the result of neglect, incompetence, willfulness or deliberate choice. Rule Civ. Proc., Rule 11.01 et seq. *Hooker v. Sundquist*, 107 S.W.3d 532, 536 (2002). In light of the clear authority on this issue and Defendants opportunity to reconsider, Defendants argument should be considered frivolous.

B. DELAY IS UNREASONABLE

The Defendants have unreasonably delayed action here. The Defendants have pointed to the six-part TRAC test that the Ninth Circuit has adopted. *Telecomm. Research and Action Ctr. v. FCC*, 750 F.2d 70, 80, (D.C. Cir. 1984). The Defendants have focused on the fourth factor, which provides "the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority." *Id.* This factor directs the court to consider the effect of expediting delayed action on agency activities of a higher or competing priority. Here,

Defendants assert that the delay in processing is due to the lack of resources and inability to hire replacement investigators. Furthermore, Defendants provide that the Plaintiffs case is following the normal processing time. Conversely, the Defendants argue that permitting Plaintiffs to jump ahead in the "first-in, first-served" process will only delay other applications. However, the Court in *Dong v. Chertoff*, recently asserted that it "is not in a position to relieve the Defendants of their obligations to comply with their mandatory duties." *Dong*, 2007 WL 2601107, at *11 (N.D. Cal. Sept. 6, 2007) ("[I]t is not the place of the judicial branch to weigh plaintiff's clear right to administrative action against the agency's burden in complying."). *Liang v. Chertoff*, 2007 WL 3225441, at *6 (N.D. Cal. October, 30, 2007) ("the executive branch must decide for itself how best to meet its statutory duties; this Court can only decide whether or not those duties have been met"). In another recent case before this district, the Court stated, "[t]his court appreciates the administrative burden faced by defendants, but it does not find that assertions of overwork alone are sufficient to justify substantial delays." *Wang v. Gonzales*, 2007 WL 2972917, at * 6 (N.D. Cal., October 10, 2007).

Absent the Court's order, the applications are likely to continue pending indefinitely. For more than 20 months since the approval of the I-730 petitions, Plaintiff Ou has been unable to be reunited with her husband and daughter. Her family still remains in China due to the pendency of the I-730 petitions, with the delay continuing for at least another 18 months or more. The Defendants, in violation of the APA and Mandamus Act, are unlawfully withholding and unreasonably delaying action on Plaintiffs' I-730 petitions and have failed to carry out the adjudicative functions delegated to them by law.

## III. CONCLUSION

For the foregoing reasons, and those stated in Plaintiffs' Motion, Plaintiffs respectfully ask the Court to deny Defendants motion for summary judgment, and grant summary judgment in

favor of the Plaintiffs. Plaintiffs can establish venue and establish prima facie eligibility for mandamus relief because they have a clear right to compel Defendants to perform their duty to act upon their applications and no other remedy is available. In addition, we respectfully ask the Court to impose sanctions against Defendants based on their frivolous venue argument.

Dated: December 7, 2007

Respectfully submitted,

Justin X. Wang, Esq.
Attorney for Plaintiffs



EXHIBIT A

**From:** Justin X. Wang (justin@lawbw.com)
**To:** Melanie Proctor
**Date:** Monday, December 3, 2007 2:09:53 PM
**Subject:** Fw: Activity in Case 3:07-cv-03676-MMC Ou et al v. Chertoff et al Motion for Summary Judgment

Melanie: Ou is a permanent resident of the US and she lives here. Are you serious that her residency in this district is and cannot be based on for her action in this district? Your motion on the venue issue is based on cases where plaintiffs were not legal permanent residents of this country. Please let me know your thoughts on this.

Justin X. Wang
Baughman & Wang
Attorneys at Law
111 Pine Street, Suite 1350
San Francisco, CA 94111
Tel. (415)576-9923
Fax (415)576-9929

----- Forwarded Message ----
From: "ECF-CAND@cand.uscourts.gov" <ECF-CAND@cand.uscourts.gov>
To: efiling@cand.uscourts.gov
Sent: Friday, November 30, 2007 11:32:07 AM
Subject: Activity in Case 3:07-cv-03676-MMC Ou et al v. Chertoff et al Motion for Summary Judgment

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

---

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

---

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
***If there is no second hyperlink, there is no electronic document available.***
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

---

The following transaction was received from by Proctor, Melanie entered on 11/30/2007 11:32 AM PST and filed on 11/30/2007

**Case Name:** Ou et al v. Chertoff et al
**Case Number:** 3:07-cv-3676
**Filer:** Michael Chertoff
Condoleezza Rice
**Document Number:** 14

**Docket Text:**
Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment* filed by Michael Chertoff, Condoleezza Rice. Motion Hearing set for 1/11/2007 09:00 AM in Courtroom 7, 19th Floor, San Francisco. (Attachments: # (1) Affidavit)(Proctor, Melanie) (Filed on 11/30/2007)

**3:07-cv-3676 Notice has been electronically mailed to:**

Melanie Lea Proctor Melanie.Proctor@usdoj.gov, tiffani.chiu@usdoj.gov

Justin X. Wang justin@lawbw.com, joanna@lawbw.com, ling@lawbw.com, peggy@lawbw.com

**3:07-cv-3676 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**N:\mproctor2\Cases\Ou\Ou MSJ.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=11/30/2007] [FileNumber=3951960-0] [9a378192a8a01b74a416e6f1e243b8975e804504a11ec1cf9a0ad27979123638d12d 1774cf7d08c93b44a34e6233e5b203d2509ec50a929b21561c877312c710]]
**Document description:**Affidavit
**Original filename:**N:\mproctor2\Cases\Ou\Wong Declaration.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=11/30/2007] [FileNumber=3951960-1] [2f33bc275f2b1e804ca2fe22fcef1f71219c3162acb9975490e849d36cc60691d1d7 d9565ff2308049dec86225975ceae075571ecc12c2f298a5c64958a55c31]]

**From:** Proctor, Melanie (USACAN) (Melanie.Proctor@usdoj.gov)
**To:** Justin X. Wang
**Date:** Monday, December 3, 2007 4:43:41 PM
**Subject:** RE: Ou, 07-3676

Mr. Wang,

I believe my thoughts on the issue are adequately expressed in the motion.

Sincerely,
Melanie Proctor

---

**From:** Justin X. Wang [mailto:justin@lawbw.com]
**Sent:** Monday, December 03, 2007 3:33 PM
**To:** Proctor, Melanie (USACAN)
**Subject:** Re: Ou, 07-3676

are you looking into my email about venue issue?

Justin X. Wang
Baughman & Wang
Attorneys at Law
111 Pine Street, Suite 1350
San Francisco, CA 94111
Tel. (415)576-9923
Fax (415)576-9929

----- Original Message ----
From: "Proctor, Melanie (USACAN)" <Melanie.Proctor@usdoj.gov>
To: Justin X. Wang <justin@lawbw.com>
Sent: Monday, December 3, 2007 2:34:48 PM
Subject: RE: Ou, 07-3676

I'm attaching proposed stipulation.

---

**From:** Justin X. Wang [mailto:justin@lawbw.com]
**Sent:** Monday, December 03, 2007 12:05 PM
**To:** Proctor, Melanie (USACAN)
**Subject:** Re: Ou, 07-3676

do you want to ask to waive oral argument and under submission?

Justin X. Wang
Baughman & Wang
Attorneys at Law
111 Pine Street, Suite 1350
San Francisco, CA 94111
Tel. (415)576-9923
Fax (415)576-9929

----- Original Message ----

From: "Proctor, Melanie (USACAN)" <Melanie.Proctor@usdoj.gov>
To: Justin X. Wang <justin@lawbw.com>
Sent: Monday, December 3, 2007 11:38:27 AM
Subject: RE: Ou, 07-3676

Thanks. I'll file an ex parte motion. I'm out of town 1/25, so I'll mention that unavailability in the motion to make sure it doesn't get scheduled for that date instead.

---

**From:** Justin X. Wang [mailto:justin@lawbw.com]
**Sent:** Monday, December 03, 2007 11:36 AM
**To:** Proctor, Melanie (USACAN)
**Subject:** Re: Ou, 07-3676

1/18/08 will be fine.

Justin X. Wang
Baughman & Wang
Attorneys at Law
111 Pine Street, Suite 1350
San Francisco, CA 94111
Tel. (415)576-9923
Fax (415)576-9929

----- Original Message ----
From: "Proctor, Melanie (USACAN)" <Melanie.Proctor@usdoj.gov>
To: Justin X. Wang <justin@lawbw.com>
Sent: Monday, December 3, 2007 11:25:51 AM
Subject: RE: Ou, 07-3676

Hi Justin,

I just learned that I will be in DC on January 11, the date the motions are to be heard. Are you available on January 18 or February 1?

Thanks,
Melanie

---

**From:** Justin X. Wang [mailto:justin@lawbw.com]
**Sent:** Wednesday, October 31, 2007 2:38 PM
**To:** Proctor, Melanie (USACAN)
**Subject:** Re: Ou, 07-3676

I wonder if you have any update from CIS on Ou's interview date.

Justin X. Wang
Baughman & Wang
Attorneys at Law
111 Pine Street, Suite 1350
San Francisco, CA 94111
Tel. (415)576-9923
Fax (415)576-9929

----- Original Message ----

From: "Proctor, Melanie (USACAN)" <Melanie.Proctor@usdoj.gov>
To: justin@lawbw.com
Sent: Friday, October 26, 2007 11:08:21 AM
Subject: Ou, 07-3676

Mr. Wang,

Pursuant to the CMC, I am attaching the declaration of Jackie Wong.

Sincerely,
Melanie Proctor

**********************

Melanie L. Proctor
Assistant U.S. Attorney
Northern District of California
T: (415) 436-6730
F: (415) 436-6927