SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6730
FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| YUZHEN OU, SHIWANG YANG, HIUMIN YANG<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary, Department of Homeland Security; CONDOLEEZZA RICE, Secretary, Department of State,<br><br>Defendants. | No. C07-3676 MMC<br><br>DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION<br><br>Date: January 18, 2008<br>Time: 9:00 a.m.<br>Court: 7, 19th Floor |

## I. INTRODUCTION

Plaintiffs oppose Defendants' Cross Motion for Summary Judgment, arguing first that venue is proper in this District, and second, that the delay at issue is unreasonable. For the reasons set forth below and in Defendants' Motion, venue is not proper in this District. In addition, Plaintiffs are not entitled to expedited processing of their applications. Accordingly, summary judgment should be granted in Defendants' favor.

///

///

///

///

**II.   ANALYSIS**

A.   <u>VENUE IS IMPROPER</u>

  1.   <u>Venue Cannot Be Based On An Alien's Residence</u>

    a.   <u>The Cases Cited By Plaintiffs Do Not Support Their Position</u>

In opposition to Defendants' arguments regarding venue, Plaintiffs rely on three cases. None of the cases support their arguments. <u>Gelin v. Ashcroft</u>, 2003 WL 23515993 (D. Conn. Jan. 13, 2003), arose out of a habeas petition brought by an alien who was detained in Oakdale, Louisiana. <u>Id.</u> at *1. The petitioner elected to file his habeas claim in Connecticut, but failed to establish that his chosen forum was appropriate. <u>Id.</u> Upon the Government's motion, the Court ordered transfer to the District Court for the Western District of Louisiana, the location of the alien's custodian. <u>Id.</u> at *3. In doing so, the district court did not discuss the issue of whether aliens are included in 28 U.S.C. § 1391(e)(3). <u>Id.</u> at *2.

At first blush, <u>Abusadeh v.Chertoff</u>, 2007 WL 211036 (D.D.C. July 23, 2007), appears to support Plaintiffs' argument; however, a careful reading of that decision reveals that is not the case. There, the plaintiff brought a mandamus action to compel action on his dual applications for naturalization and a replacement lawful permanent resident card. <u>Id.</u> at *1. After losing an action brought under 8 U.S.C. § 1447(b) and the Administrative Procedure Act ("APA") in the Southern District of Texas, the plaintiff brought suit in the District of Columbia under 28 U.S.C. §§ 1361 and 2201, and the APA. <u>Id.</u> at *2. The Government argued that venue was improper, and that the action should be dismissed or transferred. <u>Id.</u> at *3.

As in <u>Gelin</u>, the district court cited 28 U.S.C. § 1391(e)(3) without discussion of whether an alien plaintiff may base venue on his or her residence. <u>Id.</u> at *5. Ultimately, the district court did not base transfer of the action on that statute; rather, the court elected to transfer the action "in the interest of justice." <u>Id.</u> at *5-6. The district court specifically noted that "the action that Plaintiff seeks this Court to compel is one that will occur not in the District of Columbia, but rather in Houston, Texas." <u>Id.</u> at *6. The district court concluded that "[i]nsofar as Plaintiff seeks a court to become involved in dictating the priorities of a local USCIS office, it appears that the United States Court for the Southern District of Texas is better positioned to do so, and may have a superior

DEFENDANTS' REPLY
C 07-3676 MMC                                           2

1   interest in doing so." Id. at *8. The same considerations are at play in the instant action. See
2   Complaint, p. 3, Prayer for Relief.

3   Finally, Hellenic Lines Ltd. v. Rhoditis, 398 U.S. 306 (1970), stands only for the proposition
4   that lawful permanent residents are entitled to "the same constitutional protections of due process"
5   that is accorded to citizens. Id. at 309. Finding that venue is improper here would not deny Plaintiff
6   Ou the due process she is entitled to as a lawful permanent resident because she could still pursue
7   this action in the proper forum, if jurisdiction to consider her claims even exists. See, e.g., 8 U.S.C.
8   § 1158(c)(7) ("Nothing in this section shall be construed to create any substantive or procedural
9   right or benefit that is legally enforceable by any party against the United States or its agencies or
10  officers or any other person."); Winward v. Pfizer, Inc., 2007 WL 310317, at *5 (N.D. Cal.
11  Oct. 22, 2007) (transferring action despite argument that doing so would deny plaintiffs due process
12  because they would lose their counsel of choice).

13              b.      A Review of the Applicable Statutes Demonstrates That Venue May
                        Not Be Based on an Alien's Residence
14

15  The United States Supreme Court has stated that "[w]here Congress includes particular
16  language in one section of a statute but omits it in another section of the same Act, it is generally
17  presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."
18  Russello v. United States, 464 U.S. 16, 23 (1983). In Title 28, United States Code, Congress has
19  carved out an exception to the longstanding principle that aliens have no residence in the United
20  States for venue purposes, and specifically provided that for purposes of 28 U.S.C. §§ 1332
21  (diversity), 1335 (interpleaders), and 1441 (removable actions), "an alien admitted to the United
22  States for permanent residence shall be deemed a citizen of the State in which such alien is
23  domiciled." 28 U.S.C. § 1332(a). Thus, Congress has explicitly limited the application of this
24  exception. The existence of this carefully drawn and limited exception thus belies Plaintiffs'
25  contention that lawful permanent residents always "satisfy the residency requirement" of 28 U.S.C.
26  § 1391(e)(3). Plaintiffs' Opposition, p. 2.

27  In addition, Congress did not make such a provision in 28 U.S.C. § 1361. That statute
28  provides simply that the district courts "have original jurisdiction of any action in the nature of

DEFENDANTS' REPLY
C 07-3676 MMC                                      3

mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Venue also may not be based on Plaintiffs' allegations of APA violations, because that statute does not provide the Court with jurisdiction. Califano v. Sanders, 430 U.S. 99, 107 (1977); see also Staacke v. U.S. Department of Labor, 841 F.2d 278, 282 (9th Cir. 1988) ("The APA, however, does not provide an independent jurisdictional basis; it only prescribes the standards for reviewing agency action once jurisdiction is otherwise established.").

Finally, within the Immigration and Nationality Act, Congress specifically set forth five instances in which an alien might base venue on his or her residence. 8 U.S.C. § 1252(b)(5)(B) (nationality claims to be decided in the district court for the judicial district in which the petitioner resides); 8 U.S.C. § 1324b(j)(1) (providing that certain lawful permanent residents may pursue court enforcement of administrative orders relating to unfair immigration-related employment practices); 8 U.S.C. § 1421(c) (allowing denied naturalization applicants to seek de novo review in the district court for the district in which he or she resides); 8 U.S.C. § 1447(b) (allowing naturalization applicants who have not received a decision within 120 days of the date on which the examination is conducted to seek a hearing in the district court for the district in which the applicant resides); 8 U.S.C. § 1503(a) (providing that a person who claims a right or privilege as a national of the United States and who is denied such right or privilege on the ground that she or he is not a United States national may institute an action under 28 U.S.C. § 2201 in the district court of the district in which the person resides). Three of these provisions apply specifically only to lawful permanent residents. 8 U.S.C. §§ 1324b(a)(3)(B) (limiting actions to certain, but not all, lawful permanent residents), 1421(c) (pertaining to naturalization applicants, who by law are necessarily lawful permanent residents), 1447(b) (same). There are no such provisions under 8 U.S.C. § 1158. Accordingly, Plaintiffs may not base venue on Plaintiff Ou's residence.[1] See, e.g., Elmalky v.

---

[1] Plaintiffs assert that "Defendants [sic] argument is clearly without merit and could be subject to sanctions." Plaintiffs' Opposition, p. 3. Plaintiffs cite two cases for the proposition that attorneys have a duty to make reasonable inquiries into existing law. Id., citing Monterey Dev. Corp. v. Lawyer's Title Ins. Corp, 4 F. 3d 605 (8th Cir. 1993); Johnson v. Tower Air, Inc., 149 F.R.D. 461 (E.D.N.Y. 1993). At the close of their opposition, Plaintiffs move for sanctions.

DEFENDANTS' REPLY
C 07-3676 MMC                                  4

Upchurch, 2007 WL 944330, at *7 (N.D. Tex. Mar. 28, 2007) ("For venue purposes, however, an alien 'is presumed by law not to reside in any judicial district of the United States regardless of where the alien actually lives.'") (quoting Williams v. United States, 704 F.2d 1222, 1225 (11th Cir. 1983)); Blacher v. Ridge, 436 F. Supp. 2d 602, 608 (S.D.N.Y. 2006) (finding venue inappropriate because the events did not occur in that district, no government official in the district was alleged to be part of the controversy, and the alien plaintiff could not base venue on her residence).

### 2. The Defendants Do Not Reside in This District, Nor Did Any Acts or Omissions Occur Here

Plaintiffs ask the Court to compel action that will take place in China. See Complaint, p. 3, Prayer for Relief; Defendants' Motion, Declaration of Jackie Wong. The prior events took place in Nebraska and New Hampshire. See Wong Decl., p 2 ¶ 12. Accordingly, venue cannot be based on 28 U.S.C. § 1391(e)(2). The named Defendants reside in the District of Columbia; further, it appears that no Government official with authority to take action on this case resides in this District. 28 U.S.C. § 1391(e)(1); see 8 C.F.R. § 102.(d)(3) (stating the Director of International Affairs is responsible for the administration of U.S. immigration law on foreign soil, and provides guidance and supervision to foreign districts). Thus, neither of the named Defendants and no potential defendants reside in the Northern District of California. Venue is not proper in this District. As

---

Plaintiffs' Opposition, p. 6. In light of the foregoing discussion, undersigned counsel submits that it is not Defendants' position that is frivolous.

Regardless, Plaintiffs have failed to comply with the requirements of Fed. R. Civ. P. 11. As demonstrated by the e-mails attached to Plaintiffs' Opposition which improperly contains their motion for sanctions, Plaintiffs waited just four days after protesting the viability of Defendants' position on venue to make the motion. See Fed. R. Civ. P. 11(c)(1)(A) (requiring the moving party to make such a motion separately from other motions, and to not file the motion until the non-moving party has had 21 days to withdraw or correct the challenged argument); see also Patelco Credit Union v. Sahni, 262 F.3d 897, 913 (9th Cir. 2001) ("the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions") (quoting the Advisory Committee's notes). Although Plaintiffs did not comply with the Rule 11, the Court should deny their motion because it has enough basis to do so. There is no binding case law directly on point; accordingly, each party should be allowed to argue its position. Greenberg v. Sala, 822 F.2d 882, 887 (9th Cir. 1987) (neither Rule 11 nor any other sanctioning authority should be used to chill creative advocacy or attorneys' enthusiasm in pursuing legal or factual theories).

DEFENDANTS' REPLY
C 07-3676 MMC                                    5

**1** stated in Defendants' Motion, transfer is not necessary because Plaintiffs' claims are without merit.

**2** King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992).

**3**    B.    THE COURT LACKS SUBJECT MATTER JURISDICTION

**4**    Subject-matter jurisdiction is not waivable, and may be raised at any time. In re Kieslich, 258

**5** F.3d 968, 970 (9th Cir. 2001); Hill v. Blind Indus. and Services of Maryland, 179 F.3d 754, 762 (9th

**6** Cir. 1999). Here, Plaintiffs allege that the Court has jurisdiction to compel Defendants to act on

**7** their applications for travel documents. Complaint, p. 2. However, mandamus relief is not available

**8** where the plaintiff has failed to establish the existence of a non-discretionary duty. Kildare v.

**9** Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003). Here, Congress has explicitly provided that no such

**10** duty exists:

**11**    Nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or
**12**    its agencies or officers or any other person.

**13** 8 U.S.C. § 1158(d)(7). Thus, the Court lacks subject matter jurisdiction, and the case should be

**14** dismissed.

**15**    C.    THE DELAY IS REASONABLE

**16**    In opposition to Defendants' Motion, Plaintiffs again rely on inapplicable cases. Plaintiff's

**17** Opposition, p. 5 (citing cases involving name check delays). Plaintiffs have failed to produce a

**18** single case supporting their argument that mandamus is appropriate simply because they are tired

**19** of waiting in line. The passage of time alone does not establish unreasonable delay. INS v.

**20** Miranda, 459 U.S. 14, 18 (1982). There is nothing to suggest that any applications are processed

**21** "out of turn."[2] Contra Liang v. Chertoff, 2007 WL 3225441, at *6 (N.D. Cal. Oct. 30, 2007) ("the

**22** agency maintains a policy whereby it may request that the FBI expedite a particular name check if

**23** certain criteria are met."). Plaintiffs argue, without support, that absent an order from the Court,

**24** their applications "are likely to continue pending indefinitely." Plaintiffs' Opposition, p. 5. To the

**25** contrary, Jackie Wong attests that the applications will be processed in due course. Wong Decl., p. 3

**26**

---

**27**

**28**    [2]The arguments presented herein are confined to this case; Defendants do not concede that adjustment and naturalization applications which take longer than other similar applications are necessarily entitled to expedited processing.

DEFENDANTS' REPLY
C 07-3676 MMC                                6

¶ 17. While the delay may be unfortunate, it is not unreasonable.[3]

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to deny Plaintiffs' Motion for Summary Judgment, deny Plaintiffs' Motion for Sanctions, and grant summary judgment in Defendants' favor.

Dated: December 14, 2007                                    Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

_____/s/_____
MELANIE L. PROCTOR
Assistant United States Attorney
Attorneys for Defendants

---

[3] Plaintiffs apparently do not contest Defendants' argument that Secretary Rice is entitled to summary judgment as a matter of law. See Defendants' Motion, pp. 6-7; Plaintiffs' Opposition, pp. 1-6. Plaintiffs also do not appear to contest Defendants' argument that the Court cannot compel issuance of travel documents. Plaintiffs' Opposition pp. 1-6.