IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

YUZHEN OU, et al.,

        Plaintiffs,
v.

MICHAEL CHERTOFF, et al.,

        Defendants

No. C-07-3676 MMC

**ORDER TRANSFERRING ACTION TO DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

    Before the Court is plaintiffs' Motion for Summary Judgment, filed November 16, 2007, and defendants' Cross-Motion for Summary Judgment, filed November 30, 2007. The matter came on regularly for hearing on February 29, 2008. Justin X. Wang of Baughman & Wang appeared on behalf of plaintiffs. Melanie L. Proctor, Assistant United States Attorney, appeared on behalf of defendants. Having considered the papers filed in support of and in opposition to the motion, and the arguments of counsel, the Court rules as follows.

    In their complaint, plaintiffs seek an order compelling defendants to decide whether plaintiffs Shiwang Yang and Huimin Yang are entitled to receive "travel documents," following defendants' prior approval of "Refugee Asylee Relative Petitions" filed on behalf of said plaintiffs by plaintiff Yuzhou Ou ("Ou"). (See Compl. ¶¶ 8, 12.) Plaintiffs bring their claims under the Administrative Procedures Act, 5 U.S.C. § 701 et seq., and the

Mandamus Act, 28 U.S.C. § 1361, (see id. ¶ 11), and allege venue is proper in the Northern District of California because plaintiff Ou resides in San Francisco, (see id. ¶ 6). In their motion, defendants, in addition to addressing the merits of the complaint, argue venue is improper in the Northern District of California.

Because plaintiffs have sued officers of the United States, the propriety of venue is governed by 28 U.S.C. § 1391(e)(3), which provides:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

See 28 U.S.C. § 1391(e)(3). Defendants argue subsection (3), upon which plaintiffs rely, is inapplicable because an alien, for purposes of establishing venue, is not considered a resident of any district. Consequently, defendants argue, venue for the instant action is only proper in the District of Columbia, the district in which defendants reside.[1]

Courts have long held that, for venue purposes, an alien is "assumed not to reside in the United States." See Galveston, H. & S.A. Ry. Co. v. Gonzales, 151 U.S. 496, 506-07 (1894) (holding alien plaintiff "must resort to the domicile of the defendant"); Arevalo-Franco v. INS, 889 F. 2d 589, 590 (5th Cir. 1990) ("Federal courts have interpreted [§ 1391] to deny venue to aliens, holding that for purposes of venue, aliens are not residents of any district despite where they might live.") (emphasis in original); Williams v. United States, 704 F. 2d 1222, 1225 (11th Cir. 1983) ("An alien, for purposes of establishing venue, is presumed by law not to reside in any judicial district of the United States regardless of where the alien actually lives."); Prudencio v. Hanselman, 178 F. Supp. 887, 890 (D. Minn. 1959) ("[I]t is a basic venue principle that an alien is presumed not to reside in any district.").

---

[1] As was discussed at the February 29, 2008 hearing, the events and omissions on which the instant claim is based occurred in China. Accordingly, subsection (b) is inapplicable.

Plaintiffs argue the above-stated rule does not apply to Ou, because she is a permanent resident alien. In support of this proposition, plaintiff relies on two cases wherein a district court, in the course of considering a transfer for convenience, appeared to assume the action could have been brought in the district in which the plaintiff, a permanent resident alien, was living. See Abusadeh v. Chertoff, 2007 WL 2111036, at *5 (D. D.C. 2007); Gelin v. Ashcroft, 2003 WL 23515993, at *2-3 (D. Ct. 2003). Plaintiffs' reliance on those two decisions is unavailing, however, as the issue raised herein was not raised in either of said cases, and, in each instance, the action was transferred to the district where the defendant resided. See Abusadeh, 2007 WL 2111036, at *5; Gelin, 2003 WL 23515993, at *3.

Plaintiffs also rely on the principle that a permanent resident alien is entitled to the "same constitutional protections of due process that [courts] accord citizens." See Hellenic Lines Ltd. v. Rhoditis, 398 U.S. 306, 309 (1970). Plaintiffs' citation to such authority likewise is unavailing. Because an alternative forum exists, Ou will not be denied due process if her claim is not heard in this district. Cf. Williams, 704 F. 2d at 1224, 1227 (11th Cir. 1983) (noting "possible constitutional implications" where resident alien filed action challenging tax assessment and applicable venue statute provided for venue only "in the judicial district where the plaintiff resides").

Further, as defendants point out, when Congress intends to distinguish between categories of aliens, or to allow aliens to bring an action in the district of their residence, Congress has expressly done so. See, e.g., 28 U.S.C. § 1332(a) (providing that for purposes of diversity jurisdiction, interpleader actions, and removal jurisdiction, "alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled"); 8 U.S.C. § 1421(c) (providing alien whose application for naturalization is denied may bring action for judicial review "before the United States district court for the district in which such person resides"). Congress did not use similar language in the statute under which plaintiffs sought asylum, see 8 U.S.C. § 1158, nor in the Administrative Procedures Act or the Mandamus Act, the statutes under

1 which the instant claims are brought.

2     Accordingly, the Court finds plaintiffs have failed to establish venue is proper in the Northern District of California, and, pursuant to 28 U.S.C. § 1406(a), hereby TRANSFERS the action to the District Court for the District of Columbia.

**IT IS SO ORDERED.**

Dated: March 12, 2008

                     MAXINE M. CHESNEY
                     United States District Judge